**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**RAY DETERS,** *pro se,*

    **Plaintiff,**

v.                                                  Case No.  8:13-cv-758-T-30TGW

**STATE OF FLORIDA,**

    **Defendant.**
_____/

## ORDER

THIS CAUSE comes before the Court *sua sponte*. The claims filed by *pro se* Plaintiff Ray Deters in this action are substantially similar to the claims Plaintiff filed in Case No. **8:09-cv-1388-T-30MAP** (the "First Case") and Case No. **8:09-cv-2563-T-30EAJ** (the "Second Case"). In the First Case, the Court granted Defendants' Motion to Dismiss without prejudice to Plaintiff to re-file his claims if Plaintiff established that his DUI conviction was invalidated by the Second District Court of Appeal of Florida. At that time, Plaintiff's appeal of his conviction was still pending before the Second District Court of Appeal of Florida.[1]

In the Second Case, Plaintiff's complaint noted that the Second District Court of Appeal denied his appeal. Accordingly, consistent with the Court's November 3, 2009 order

---

[1] The Court's November 3, 2009 order in Case No. **8:09-cv-1388-T-30MAP** at Dkt. 12 provides a discussion of Plaintiff's claims and the application of *Heck v. Humphrey*, 512 U.S. 477 (1994).

in Case No. **8:09-cv-1388-T-30MAP** at Docket 12, Plaintiff's claims in the Second Case were *Heck*-barred and the Court dismissed Plaintiff's complaint with prejudice.

The instant complaint seeks the same relief: Plaintiff requests that the Court remove his DUI conviction. For the reasons stated in the First Case and the Second Case, Plaintiff's complaint is dismissed with prejudice.[2] Any future filings by Plaintiff on this issue may be deemed vexatious at the Court's discretion.

It is therefore ORDERED AND ADJUDGED that:

1. Plaintiff's complaint is hereby DISMISSED with prejudice.

2. The CLERK is directed to CLOSE this case and terminate any pending motions as moot.

**DONE** and **ORDERED** in Tampa, Florida on April 5, 2013.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2013\13-cv-758.dismissal.frm

---

[2] Notably, the district courts within the Eleventh Circuit continue to apply the rule of *Heck v. Humphrey* to prevent a plaintiff from using section 1983 as a vehicle to collaterally attack a court conviction and later imprisonment without a favorable termination, even though the plaintiff never had access to federal habeas review. *See Barnes v. City of Dothan*, 842 F. Supp .2d 1332 (M.D. Ala. 2012); *Domotor v. Wennet*, 630 F. Supp. 2d 1368 (S.D. Fla. 2009).